UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-22072-KING

FF COSMETICS FL INC.,
a Florida corporation doing business
as Forever Flawless Cosmetics 1;
TIMELESS COSMETICS FL INC.,
a Florida corporation;
BRILLIANCE NEW YORK, LLC,
a New York limited liability company,
f/k/a/ Brilliance New York, Inc.; and
OCEANE FL COSMETICS INC.,
a Florida corporation doing business as
Tresor Rare,

    Plaintiffs,

vs.

CITY OF MIAMI BEACH, FLORIDA,
a Florida municipal corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

THIS CAUSE comes before the Court upon Defendant, the City of Miami Beach's ("the City") Motion to Strike (DE 58). The City moves to strike Plaintiffs' Amended Verified Complaint (DE 26) and Plaintiff's Renewed Motion for Preliminary Injunction (DE 27) as "shams."

Succinctly put, the City has cited, fined, and threatened Plaintiffs—all businesses operating within the City's jurisdiction—for violating anti-solicitation and anti-handbilling ordinances. Plaintiffs challenge the ordinances (and amended versions of the ordinances) as unconstitutional under the First Amendment, and move for a preliminary injunction to halt

their enforcement. On April 29, 2015, this Court began an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction. Some unresolved matters, including the instant Motion to Strike, necessitated a continuance of the hearing. This Order, together with a contemporaneous Order concerning the City's proposed expert testimony (DE 94), resolves these outstanding issues.

The City argues that Plaintiffs' Amended Verified Complaint must be stricken because it is "predicated on the sham claim that plaintiffs' commercial speech is not false and misleading or concerning unlawful activity . . . ."[1]

As grounds for this position, the City argues that the "sales pitch" that Plaintiffs use to solicit customers is false and misleading, in that Plaintiffs' salespersons tell misrepresentations and outright lies about Plaintiffs' cosmetics products to prospective customers. The City hired a proposed expert, Dr. Bryan Fuller, to render an opinion that Plaintiffs' sales pitches are replete with falsehoods about the quality, content, and health benefits of their products.[2] Dr. Fuller analyzed Plaintiffs' "marketing claims . . . including transcripts of plaintiffs' employees disseminating false and misleading speech to potential customers within the City's tourist district, as well as claims made on plaintiffs' websites and product packaging."

The Court has carefully reviewed the City's Motion to Strike, Plaintiffs' response (DE 74), and the City's reply (DE 88). Although the briefs raise and argue myriad issues, it is upon consideration of two points that the Court concludes the City's motion must be denied.

---

[1] Plaintiffs' commercial speech must be truthful or non-misleading in order to merit constitutional protection. *See Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 566 (1980).

[2] This Court denied Plaintiffs' *Daubert* motion to exclude Dr. Fuller's opinions. DE 94.

2

First, the anti-solicitation ordinance (the original and amended versions) restricts speech directed at persons on a public street or sidewalk, or on a public right-of-way. (The amended ordinance is more limited in its geographic application). The anti-handbilling ordinance (the original and amended versions) restricts the distribution of commercial handbills in the public right-of-way (within certain times and places) or on any city beach east of the dunes.

The City has not shown that any of Plaintiffs' speech that is actually targeted by the ordinances—speech that occurs on or is directed to those on the public right-of-way—is false or misleading. In fact, the evidence adduced at the preliminary injunction hearing so far has suggested only the contrary.[2] Speech on or directed to those on the public right-of-way is what the ordinances proscribe. That is the speech for which the Plaintiffs face government citations, fines, and threats. That is the speech for which Plaintiffs seek protection. It is the character of that speech that is central to Plaintiffs' as-applied claim[3] and to this Court's inquiry. *Cf. Williams-Yulee v. Florida Bar*, 135 S. Ct. 1656, 1667 (2015) ("But nobody argues that solicitation of campaign funds by judicial candidates is a category of unprotected speech. As explained above, the First Amendment fully applies to Yulee's speech. The question is instead whether that Amendment permits the particular regulation of speech at issue here."); *Edenfield v. Fane*, 507 U.S. 761, 765 (1993) ("We need not parse Fane's

---

[2] The Court has considered the transcripts of secretly recorded conversations (DE 58-4) for the limited purpose of ruling on this Motion to Strike. Plaintiffs' Motion to Strike the transcripts and other evidence (DE 62) is grounded in Florida's Wiretap Law, but "[a]dmission, in federal court of evidence obtained by state officers is governed by federal law." *U.S. v. Malekzadeh*, 855 F.2d 1492, 1496 (11th Cir. 1988). Plaintiffs' Motion to Strike (DE 62) is denied without prejudice to make appropriate objections at trial or other evidentiary hearings.

[3] Their actual speech may be irrelevant to their facial, or overbreadth, challenge.

3

proposed communications to see if some parts are entitled to greater protection than the solicitation itself. This case comes to us testing the solicitation, nothing more. That is what the State prohibits . . . ."); *Strang v. Satz*, 884 F. Supp. 504, 509 (S.D. Fla. 1995) ("The Court must examine the *speech* at issue to determine whether *it* is actually or potentially misleading.").

Second, even if the record were to permit an inference that some of Plaintiffs' commercial speech was false or misleading, the City does not claim that all of it was; and the at-issue commercial speech is protected at least to the extent it is not false and misleading. *See Edenfield*, 507 U.S. at 768–69 ( "where . . . truthful and nonmisleading expression will be snared along with fraudulent or deceptive commercial speech, the State must satisfy the remainder of the *Central Hudson* test by demonstrating that its restriction serves a substantial state interest and is designed in a reasonable way to accomplish that end.").

The Court adds that the issue of whether Plaintiffs' commercial speech is false or misleading is really a merits question—it is the first element of *Central Hudson*'s four-part analysis. *See* 447 U.S. at 566. Even where a court concludes that commercial speech is misleading, the outcome of a First-Amendment challenge to the infringement of that speech may yet turn on further determinations as to whether the misleading commercial speech is "inherently" misleading or only "potentially" so. *See Borgner v. Brooks*, 284 F.3d 1204, 1210 (11th Cir. 2002). For these reasons, the City's argument that Plaintiffs' sales pitches, labels, and promotional materials are false and misleading is premature and misplaced in a Motion to Strike. All of the above considerations are sufficient for this Court to conclude that Defendant's Motion to Strike must be denied.

The City's reply brief in support of its Motion to Strike raises various new matters not asserted in its underlying motion. The Court will not consider these new matters as procedurally improper. Plaintiffs' Motion to Strike Declaration of Namrata S. Joshi and Portions of City's Reply Brief (DE 90) is therefore denied as moot.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant's Motion to Strike **(DE 58)** be, and the same is, hereby **DENIED**.

2. Plaintiffs' Motion to Strike **(DE 62)** be, and the same is, hereby **DENIED without prejudice** to raise appropriate objections at trial or other evidentiary hearings.

3. Plaintiffs' Motion to Strike Declaration of Namrata S. Joshi and Portions of City's Reply Brief **(DE 90)** be, and the same is, hereby **DENIED as moot**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of July, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record